UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Julie Dermansky,<br>    *plaintiff,*<br>versus<br>Renaissance Publishing LLC,<br>    *defendant.* | No. 21-cv-2087<br>Section      Division<br>District Judge<br>Magistrate Judge<br>**Jury Trial Demanded** |

### Complaint

Plaintiff Julie Dermansky ("Dermansky"), by and through her attorneys, brings this action against Renaissance Publishing LLC ("RP"), and alleges:

### Nature of the Action

1. This is an action for direct copyright infringement and the violation of Plaintiff Dermansky's rights under Section 1202 of the U.S. Copyright Act, resulting from the unauthorized removal of Copyright Management Information ("CMI"), as that term is defined under 17 U.S.C. § 1202. Plaintiff Dermansky, a professional photographer, brings this action in response to the unauthorized use of her original copyrighted photographs, and other copyright violations, by the defendant in this action, via their website healingproperties.org.

### Parties

2. Since 2005, and at all relevant times, Plaintiff Dermansky has provided commercial photography services to clients in the greater Gulf Coast area and beyond, with her residence and principal place of business in New Orleans, Louisiana.

3. Defendant RP is a Louisiana corporation, which on information and belief has its principal place of business in Metairie, Louisiana, and operates BizNewOrleans.com. The "Privacy Policy" on BizNewOrleans.com states that "The

BizNewOrleans.com Web site is the responsibility of Renaissance Publishing LLC". The "Terms of Use" on BizNewOrleans.com states "By choosing to use the BizNewOrleans.com website, you agree to abide by all terms of this agreement between you and BizNewOrleans.com, an Internet service of Renaissance Publishing, LLC."

### Jurisdiction and Venue

4. This action arises under U.S. Copyright Act, 17 U.S.C. § 101, *et seq*.

5. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This court has personal jurisdiction over the Defendant RP because, *inter alia*, it is registered to do business, and maintains its principal place of business, in the State of Louisiana, and Metairie, Louisiana, respectively.

7. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400.

### Background Facts

8. Julie Dermansky is a commercial photographer, who, among other services, provides journalistic photography services to clients. Dermansky charges and invoices these clients for the cost of her services, and further licenses her photographs for use by such clients according to limitations specified under her written and oral licensing agreements. Dermansky also licenses her photographs for uses on the Internet.

9. In June, 2019 Dermansky shot the subject photograph (the "Photograph") of Sharon Lavigne, the founder of the Louisiana-based activist group Rise St. James.[1] At no point did Dermansky provide Rise St. James, or RP with a license. At no point did Dermansky grant Rise St. James permission to sublicense third-party uses of the Photograph.  Attached hereto as **Exhibit A** is a copy of the Photograph.

---

[1] *See* https://www.huffpost.com/entry/cancer-alley-fights-plastics-plant_n_5d1cf9dce4b04c48140e244d (describing Rise St. James and featuring Plaintiff Dermansky's work, including the Photograph).

10. Dermansky is the sole owner of the copyright in the Photograph and effectively registered the Photograph in the U.S Copyright Office on September 30, 2019, with the Reg. No. VA 2-172-233. Attached hereto as **Exhibit B** is a copy of the registration certificate for the Photograph.

11. In association with the initial, licensed, publication of the Photograph on July 9, 2019, HuffPost.com included a clear copyright notice attributing to Dermansky the authorship of, and ownership of the copyright in, the Photograph. This notice, published in connection with the Photograph constitutes CMI under 17 U.S.C. § 1202.

12. On February 17, 2020 RP published a verbatim copy of the Photograph on its website, BizNewOrleans.com (the "Article").

13. On information and belief, RP sourced the Photograph, or copies thereof, from the HuffPost.com publication of the Photograph described above.

14. At the time of RP's display and distribution of the Photograph on its website, Dermansky had not granted RP, Rise St. James, or any other person or entity other than HuffPost.com, any license or permission to reproduce, publicly display, or otherwise use the Photograph for any purpose. Therefore, RP's use of the Photograph was unauthorized.

15. Prior to notifying RP of its infringement and other copyright violations, Dermansky captured RP's BizNewOrleans.com webpage displaying the Photograph. A review of the capture indicates that RP did not include Dermansky's CMI, and further misattributed the work and ownership to Rise St. James. Attached hereto as **Exhibit C** is the capture of RP's BizNewOrleans.com webpage displaying the Photograph.

16. Like many commercial photographers, Dermansky's livelihood depends on revenue generated by licensing her original works for reproduction and public display. With respect to the Photograph, the actions of RP have deprived Dermansky of such revenue and have caused significant monetary harm to Dermansky, threatening her livelihood. Dermansky brings this action to recover her damages.

## COUNT ONE:
### Direct Copyright Infringement
### 17 U.S.C. §101, *et seq.*

17. Plaintiff Dermansky incorporates by reference and realleges the allegations contained in paragraphs 1 through 16, inclusive, as though fully set forth herein.

18. The Photograph is an original copyrightable work.

19. Dermansky is the sole author of the Photograph.

20. Dermansky has complied in all respects with 17 U.S.C. §101, *et seq.*, and secured the exclusive rights in and ownership of the Photograph and has filed her registration of copyright in the Photograph with the U.S. Copyright Office in accordance with its rule and regulations. Dermansky has received Registration No. VA 2-172-233, with an effective registration date of September 30, 2019, a copy of which is attached hereto as Exhibit B.

21. By the actions alleged above, Defendant has infringed Dermansky's copyright in the Photographs by reproduction, public display, and distribution of the same, without Dermansky's permission or authorization.

22. Defendant has done so willfully and intentionally, with full knowledge of Dermansky's copyright, in particular as demonstrated by Defendant's unauthorized use of the Photograph, which was published with Dermansky's copyright notice.

23. As a direct and proximate result of the copyright infringement detailed herein, Dermansky has been and continues to be damaged in an amount unknown at present and to be determined at trial.

24. As a direct and proximate result of the copyright infringement detailed herein, Defendant has gained and/or will gain substantial profits as a result of their infringement in an amount presently unknown and to be determined at trial.

25. Plaintiff Dermansky is entitled to recover from Defendant statutory damages of up to $30,000, but not less than $750, pursuant to 17 U.S.C. § 504.

26. To the extent that the acts complained of herein were undertaken willfully, Plaintiff Dermansky is entitled to increased damages of up to $150,000.

27. In the alternative, and at her election, Plaintiff Dermansky is entitled to recover her actual damages and any additional Defendant's profits not calculated in the computation of her actual damages in an amount to be determined at trial, pursuant to 17 U.S.C. § 504.

**COUNT TWO:**
**Provision and/or Distribution of False Copyright Management Information**
**Digital Millennium Copyright Act, 17 U.S.C. § 1202(a)**

28. Dermansky incorporates by reference and realleges the allegations contained in paragraphs 1 through 27, inclusive, as though fully set forth herein.

29. Defendant reproduced, published a copyright notice in connection with its publication of the Photograph and the Article, stating, "© 2020 Biz New Orleans."

30. RP published the following "Terms" of use in connection with the Photograph and the Article: "All materials published on BizNewOrleans.com (including, but not limited to news articles, photographs, images, illustrations, audio clips and video clips) are protected by copyright, and owned or controlled by Renaissance Publishing, LLC, or other parties credited as providers of the content. You shall abide by all copyright notices, information, or restrictions that apply to or are noted in any content accessed through the site. The Web site and its contents are protected by copyright pursuant to U.S. copyright laws. You may not modify, publish, transmit, participate in the transfer or sale of, reproduce, create new works from, distribute, perform, display, or in any way exploit, any of the content or the Web site (including software) in whole or in part. You may download or copy certain content and other downloadable items displayed on the site for personal use only, provided that you maintain all copyright and other notices contained therein. Copying or storing of any content for other than personal use is expressly prohibited without prior written

permission from BizNewOrleans.com and Renaissance Publishing, LLC or the copyright holder identified in the relevant copyright notice."

31. The "Terms" state: "All materials published on BizNewOrleans.com (including, but not limited to news articles, photographs, images, illustrations, audio clips and video clips) are protected by copyright, and owned or controlled by Renaissance Publishing, LLC, or other parties credited as providers of the content."

32. The "Terms" state: "The Web site and its contents are protected by copyright pursuant to U.S. copyright laws. You may not modify, publish, transmit, participate in the transfer or sale of, reproduce, create new works from, distribute, perform, display, or in any way exploit, any of the content or the Web site (including software) in whole or in part. You may download or copy certain content and other downloadable items displayed on the site for personal use only, provided that you maintain all copyright and other notices contained therein. Copying or storing of any content for other than personal use is expressly prohibited without prior written permission from BizNewOrleans.com and Renaissance Publishing, LLC or the copyright holder identified in the relevant copyright notice."

33. The foregoing copyright notice and "Terms" constitute CMI, in particular pursuant to 17 U.S.C. §§ 1202(c)(1), (c)(2), (c)(3).

34. The foregoing CMI is false, because, *inter alia*, Defendant does not own a copyright in the Photograph, Defendant is not an authorized licensee of the Photograph, and Defendant is not authorized to grant license for use of the Photograph.

35. On information and belief, Defendant committed the acts described herein knowingly, in particular because the copy of the Photograph Defendant used contained Dermansky's copyright notice attributing to Dermansky authorship of, and ownership of the copyright in, the Photograph.

36. Based on the foregoing, Defendant is in violation of 17 U.S.C. §§ 1202(a)(1), and (a)(2), with respect to the Photograph.

37. Plaintiff Dermansky has suffered actual damages as a result of the acts complained of herein in an amount unknown at present and to be determined at trial.

38. Defendant has gained profits that are attributable to the acts complained of herein in an amount unknown at present and to be determined at trial.

39. Plaintiff Dermansky is entitled to recover from Defendant her actual damages and any additional Defendant profits not taken into account in computer her actual damages, pursuant to 17 U.S.C. § 1203(c)(2).

40. In the alternative, and at her election, Plaintiff Dermansky is entitled to recover from Defendant, for each and every violation of 17 U.S.C. §§ 1202(a)(1) and (a)(2), the full extent of which is unknown to Plaintiff Dermansky at present and which will be proven at trial, but in any event includes at minimum the 2 violations referenced above, statutory damages of up to $25,000, but not less than $2,500, per violation, pursuant to 17 U.S.C. § 1203(c)(3)(B).

41. Plaintiff Dermansky is entitled to recover her costs from Defendant, pursuant to 17 U.S.C. § 1203(b)(4).

42. Plaintiff Dermansky is further entitled to recover her attorney's fees from Defendant, pursuant to 17 U.S.C. § 1203(b)(5).

## COUNT THREE:
### Alteration of Copyright Management Information
### Digital Millennium Copyright Act, 17 U.S.C. §1202(b)

43. Dermansky incorporates by reference and realleges the allegations contained in paragraphs 1 through 43, inclusive, as though fully set forth herein.

44. In association with the initial, licensed, publication of the Photograph on July 9, 2019, HuffPost.com included a clear copyright notice attributing to Dermansky the authorship of, and ownership of the copyright in, the Photograph. This notice, published in connection with the Photograph constitutes CMI under 17 U.S.C. § 1202.

45. The foregoing copyright notice constitutes CMI, in particular pursuant to 17 U.S.C. §§ 1202(c)(1), (c)(2), and (c)(3).
46. Defendant's publication of the Photograph, in association with the Article, was without the foregoing CMI.
47. The foregoing acts resulted in CMI being removed from the Photograph, in particular by removing Dermansky's copyright notice.
48. Defendant reproduced, published a copyright notice in connection with its publication of the Photograph and the Article, stating, "© 2020 Biz New Orleans."
49. The foregoing copyright notice constitutes CMI, in particular pursuant to U.S.C. §§ 1202(c)(1), (c)(2), (c)(3).
50. The foregoing acts resulted in CMI being added to the Photograph, in particular by adding a copyright notice which was false.
51. As described above, Defendants committed numerous separate acts that resulted in several different forms of CMI being added to the Photograph, in particular by adding various credit line attributions, terms of use, copyright notices, and other text concerning the Photograph and its copyright status, all of which were false.
52. Defendant therefore altered the Photograph's CMI.
53. Upon information and belief, when Defendant obtained the Photograph, the copy contained Dermansky's clear copyright notice attributing Dermansky authorship and ownership of the copyright in the Photographs.
54. None of the acts altering the CMI described herein were authorized by Dermansky or the law.
55. Defendants removal of CMI as described herein was committed intentionally.
56. Further, on information and belief, Defendant's distribution of CMI in connection with the Photograph was done knowing that the Photograph's CMI had been altered without the authority of Dermansky or the law.

57. Defendant's distribution of the Photograph, or copies thereof, was also done knowing that the Photograph's CMI had been altered and/or removed without the authority of Dermansky or the law.

58. Defendants committed all of the acts described herein knowing, or having reasonable grounds to know, that they would include, enable, facilitate, and/or conceal an infringement of one more or more rights accorded to Plaintiff Dermansky under the U.S. Copyright Act.

59. Based on the foregoing, Defendant is in violation of 17 U.S.C. §§ 1202(b)(1), (b)(2), and (b)(3) with respect to the Photograph.

60. Plaintiff Dermansky has suffered actual damages as a result of the acts complained of herein in an amount unknown at present and to be determined at trial.

61. Defendants have gained profits that are attributable to the acts complained of herein in an amount unknown at present and to be determined at trial.

62. Plaintiff Dermansky is entitled to recover from Defendant her actual damages and any additional Defendant's profits not taken into account in computing her actual damages and any additional Defendant's profits not taken into account in computing her actual damages, pursuant to 17 U.S.C § 1203(c)(2).

63. In the alternative, and at her election, Plaintiff Dermansky is entitled to recover from Defendant, for each violation of 17 U.S.C. §§ 1202(b)(1), (b)(2), the full extent of which is unknown to Plaintiff Dermansky at present and which will be proven at trial, but in any event includes at minimum the 2 violations referenced above, statutory damages of up to $25,000, but not less than $2,500, per violation, pursuant to 17 U.S.C. § 1203(c)(3)(B).

64. Plaintiff Dermansky is entitled to recover her costs from Defendant, pursuant to 17 U.S.C. § 1203(b)(4).

65. Plaintiff Dermansky is further entitled to recover her attorney's fees from Defendant, pursuant to 17 U.S.C. § 1203(b)(5).

## Prayer for Relief

WHEREFORE, Plaintiff Dermansky prays for judgment in her favor and against Defendant as follows:

(a) For an award of monetary damages in an amount to be proven at trial.

(b) For interest as allowed by law; and

(c) For such relief as the Court deems just and proper.

## Jury Trial Demand

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Dermansky hereby demands a trial by jury for all issues so triable in this case.

Respectfully submitted,

*/s/ Andrew T. Lilly*
**Andrew T. Lilly (La. 32559)**
Lilly PLLC
4907 Magazine Street
New Orleans, Louisiana 70115
t: (504) 812-6388
e: andrew@atlpllc.com

and

**David Leichtman (N.Y. 2824480)**[2]
dleichtman@leichtmanlaw.com
**Devin Newman (N.Y. 5813316)**[3]
dnewman@leichtmanlaw.com
Leichtman Law PLLC
228 East 45th Street, Suite 605
New York, NY 10017
t: (212) 419-5210

*Attorneys for Julie Dermansky*

---

[2] *Pro hac vice* application forthcoming.

[3] *Pro hac vice* application forthcoming.